IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RODRICK L. SMITH,

                Plaintiff,        Case No. 3:05 CV 1486

    -vs-

                                       MEMORANDUM OPINION
MARGARET BRADSHAW,                  AND   ORDER

                Defendant.

KATZ, J.

## MOTION FOR RECONSIDERATION

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e).  *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990). The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988).  This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment."  *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982).  Generally, there are three major situations which justify a district court altering or amending its judgment:  "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re*

*Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226 (N.D. Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

Petitioner does not argue that there has been an intervening change in the law which provided the rule of decision in this case. Nor does he suggest that evidence has newly become available to him which would require a different result. Rather, the arguments he gives in his motion to alter or amend amount to little more than a disagreement with the Court's decision, and advise the Court that it should – based on the same law, cases and arguments previously cited – change its mind. A motion predicated on such a tenuous legal basis is a waste of judicial resources. Neither the passage of time, during which the legal landscape did not change, nor a different spin on the same arguments, is a proper basis for a motion for reconsideration. Petitioner's latest round of arguments is more appropriately reserved for appellate review, where Petitioner can raise anew, to a different judicial tribunal, its unavailing arguments. *See Todd Shipyards v. Auto Transp.*, 763 F.2d 745, 750 (5th Cir. 1985). As one Court has stated, mere dissatisfaction with a Court's ruling is an inappropriate and insufficient ground to support a motion for reconsideration:

> As the above standards indicate, . . . these motions should not be filed as a matter of routine by the party who has been adversely impacted by a court's ruling. [. . . ] This Court, just like all other courts, works diligently and strives carefully to issue its best opinion while deciding any motion. Unless the parties can convince this Court that the

standards described above have been met (i.e., to correct "manifest errors of law or to present newly discovered evidence"), this Court strongly believes that the parties['] energies can be better served by pursing their rearguments at the proper time on appeal. Filing a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling.

*Meekison v. Ohio Dep't of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)

(citing *Jefferson v. Security Pac. Fin. Servs, Inc*., 162 F.R.D. 123, 125 (N.D. Ill. 1995)).

Therefore, Petitioner's motion for reconsideration (Doc. No. 31) is denied.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE